# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WAYNE A. COTTON, )
)
       Plaintiff, )
)
v. ) Case No. 12-2731-JWL
)
COSTCO WHOLESALE CORP., )
)
       Defendant. )

## MEMORANDUM AND ORDER

This matter comes before the court upon Plaintiff Wayne A. Cotton's Motion to Compel Defendant to Search for and Produce Electronically Stored Information and Other Documents and Answer Interrogatories (ECF No. 22). For the reasons stated below, the motion is granted in part and denied in part.

Mr. Cotton brings this case against his employer, Costco, alleging that he was subjected to illegal discrimination on the basis of race, a racially hostile work environment, and was disciplined and removed from his position as loss control associate based on his race and in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission. He asserts claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 24 U.S.C. § 2000e, *et seq.*; and the Kansas Act Against Discrimination, K.S.A. § 44-1001, *et seq.* Mr. Cotton has served on Costco requests for the production of documents and electronically stored information (ESI) with metadata intact. He has also served Costco with interrogatories. The court addresses the discovery requests and objections below.

    **I.**    **Timeliness**

As an initial matter, Costco urges the court to deny Mr. Cotton's motion on the ground that it is untimely. D. Kan. Rule 37.1(b) provides that motions to compel discovery must be filed

"within 30 days of the default or service of the response, answer, or objection that is the subject of the motion unless the court extends the time for filing such motion for good cause." Failure to file a motion to compel within 30 days means "the objection to the default, response, answer, or objection is waived."[1] D. Kan. Rule 37.1(b) generally "reflects that the triggering event is service of the response that is the subject of the motion."[2] On April 1, 2013, Costco filed a certificate of service stating that on April 1, defense counsel had placed in the U.S. mail Costco's discovery responses and objections.[3] Costco argues that Mr. Cotton's motion is untimely because he did not file it within 30 days of April 1. But on April 1, Mr. Cotton had not been served with Costco's discovery responses and objections—only notice that Costco had placed the discovery responses in the mail. For the purpose of computing time, Fed. R. Civ. P. 6(d) provides an additional three days when service is made by mail. Therefore, Mr. Cotton's motion to compel was timely filed on May 3, 2013.

## II. Search Terms for Employee E-mails

Request No. 1 asks that Costco produce, from the time period of January 1, 2009, to the present, any ESI sent, received or created by Costco employees Tom Sadler, Linda Schwarz, Megan Pace, and/or Dean Eastham that contain any of a list of sixty-four terms that Mr. Cotton has provided.[4] The list contains racially derogatory words and terms but also contains others

---

[1] D. Kan. Rule 37.1(b).

[2] *Firestone v. Hawker Beechcraft Int'l Svs. Co.*, No. 10-1404-JWL, 2012 WL 359877, at *4 (D. Kan. Feb. 2, 2012) (quoting *Hock Foods, Inc. v. William Blair & Co.*, No. 09-2588-KHV, 2011 WL 884446, at *3 (D. Kan. Mar. 11, 2011)).

[3] Cert. of Service, ECF No. 17.

[4] Mr. Cotton originally requested this information as it pertains to Dean McPhearson. He withdraws that request based on Costco's assertion that it has not employed an individual by this name at the Overland Park warehouse. Mem. in Supp. of Pl.'s Mot. to Compel Def. to Search for & Produc. ESI & Other Docs. & Answer Certain Interrogs. at 3, ECF No. 23.

race-neutral words such as "brother," "cocoa," "cornbread," "gun," "harassment," "jail," "prison," and "retaliate."[5] Request No. 2 seeks the same information as Request No. 1 as it pertains to any member of human resources or Overland Park, Kansas warehouse management.

Among other objections, Costco asserts that the requests are overly broad. Both requests are overly broad on their face in that they could conceivably encompass some information that may arguably be relevant to this litigation but would also likely encompass much information having nothing to do with issues in this case.[6] Because the court finds that Mr. Cotton's requests are facially objectionable, he bears the burden of convincing the court that his discovery requests are proper.[7]

Mr. Cotton explains that Mr. Sadler, Ms. Schwartz, Ms. Pace, and Mr. Eastham are individuals who harassed Mr. Cotton. He argues that a search of their e-mail accounts may unearth e-mails containing evidence of prejudice toward African-Americans because the list of search terms are words that are not normally used in non-racial ways. The court disagrees with this assessment. Moreover, a significant number of the sixty-four search terms are not themselves racially charged. And a number of entries are duplicative. For example, Mr. Cotton asks Costco to search for the terms "monkey boy," "porch monkey," and "welfare monkey" separately, but these results would presumably be encompassed in the search results for the word "monkey," which he also lists. But for two search terms, "monkey" and "nigger," Mr. Cotton has

---

[5] Def.'s Resp. to Pl.'s First Set of Req. to Produc. at 3-4, ECF No. 23-1.

[6] *See Linnebur v.United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 5103300, at *5 (D. Kan. Oct. 27, 2011) (finding a request for production facially overbroad in that some responsive documents would be relevant but the bulk of responsive information would relate to the general happenings at the defendant's business or other matters not involving the issues in the case).

[7] *Allen v. Mil-Tel, Inc.*, 283 F.R.D. 631, 633-64 (D. Kan. Apr. 18, 2013) (stating that if a discovery request is facially objectionable, the party moving to compel bears the burden of demonstrating that the discovery request is not objectionable) (citing *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D. 658, 663 (D. Kan. 2003)).

not alleged that any of Costco's employees ever used any of the other words appearing on the list of search terms. Further, Costco has agreed to search ESI for these two terms as to Mr. Sadler, Mr. Schwartz, Ms. Pace, and Mr. Eastman,[8] all of whom Mr. Cotton claims were managers in the warehouse where he was employed.[9]

In addition to the problems with Mr. Cotton's list of search terms, Request No. 2 is also facially overly broad in that it encompasses the e-mail of "any member of human resources." As Costco explains, this request would require it to search the e-mail of employees nationwide, most of whom have never had any contact with Mr. Cotton. Generally, in a non-class action employment discrimination case, discovery is limited to the plaintiff's employing unit.[10] The court sustains Costco's overbreadth objections and denies Mr. Cotton's motion to compel as to Request Nos. 1 and 2 beyond the two search terms for ESI of the four warehouse employees identified above.

### III. Documents Mentioning Plaintiff and/or his Claims

Request No. 3 seeks documents reflecting statements taken or received by Costco that mention plaintiff or his claims or allegations made in this suit. Request No. 4 seeks each document mentioning Mr. Cotton or his allegations of discrimination, harassment, and/or retaliation that were created or received by any current or former employee, manager or supervisor of Mr. Cotton. Costco has agreed to produce some responsive documents but continues to rely on its objections. Among other objections, Costco continues to assert that these requests are overly broad because they potentially encompass any document that mentions Mr.

---

[8] *See* Def.'s Resp. in Opp'n to Mot. to Compel at 5 n.1, ECF No. 27.

[9] *See* Compl. at 5-7, ECF No. 1; Mem. in Supp. of Pl.'s Mot. to Compel Def. to Search for & Produc. ESI & Other Docs. & Answer Certain Interrogs. at 1, ECF No. 23.

[10] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 585 (D. Kan. Apr. 11, 2008) (citing cases).

4

Cotton's name regardless of whether it has anything to do with this suit. The court agrees. Mr. Cotton's document requests are overly broad on their face because, again, while some responsive documents may be relevant to issues in this case, the requests also likely encompass a significant amount of information pertaining to unrelated issues. Request No. 4 specifically states it applies to human resources employees regardless of their location. Conceivably, a staff directory prepared by an HR employee containing Mr. Cotton's name would be responsive to this request. For these reasons, the court sustains Costco's overbreadth objections. Costco shall produce the responsive documents it has agreed to produce. It need not respond further.

## IV.     Costco's Supplemental Production

Costco states that it has already provided or agreed to provide information sought by Request Nos. 5, 6, 21, 22. In his reply brief, Mr. Cotton does not deny this is the case; rather, he merely states that Costco has not yet produced the documents. To the extent Costco has not supplemented its production, it is ordered to do so. The parties should have been capable of resolving this issue without judicial intervention.

Request Nos. 7, 10, 11, 12, and 14 seek documents concerning Mr. Cotton's work performance at Costco, which is a relevant issue in this suit. The parties' briefs are a bit confusing on this point. Apparently, Costco has agreed to a supplemental production subject to its objections. Again, in his reply brief, Mr. Cotton does not deny this is the case. He states that Costco has not yet produced the documents. To the extent Costco has not supplemented its production as it has agreed to do, it shall do so.

## V.     Documents Concerning the Factual Basis for Defendant's Defenses and Affirmative Defenses

Request No. 13 seeks documents providing a factual basis for Costco's defenses in this case. Costco states it has fully responded to this request and will seasonably supplement its

5

response as it continues to litigate this case and gather information. In his reply brief, Mr. Cotton again states he does not believe Costco has fully responded. He provides no additional details. "Generally, when a party responding to discovery requests states that it has fully responded, the court will not compel further responses unless the moving party has presented information that calls into question the veracity of the responding party's representation."[11] Mr. Cotton has not done so here, and so the court denies his motion to compel as it pertains to Request No. 13.

## VI. Information Pertaining to Other Claims of Discrimination

Request No. 16 seeks each document created, reviewed, and/or drafted during the investigation of any claim of discrimination, harassment, and/or retaliation at the warehouse from January 1, 2009, to the present. Similarly, Request No. 18 seeks documents in Costco's possession "from any charge, complaint, investigation[,] or civil action alleging discrimination, harassment, and/or retaliation at the Warehouse filed against Defendant with any state agency or court in the past five (5) years by any prior or current employee, manager[,] or supervisor." Costco has agreed to produce responsive information as it relates to race claims. It argues that any discovery beyond race claims is overly broad. Costco points to some case law from this district that limits discovery to types of claims similar to what the plaintiff has alleged. However, Mr. Cotton has also asserted racial harassment and retaliation claims. If Costco has already agreed to produce information related to race claims, the court sees no reason why Costco should not be required to produce information pertaining to claims of racial harassment and retaliation.

But the court fails to see relevance of discovery beyond the types of claims plaintiff asserts. Because this discovery does not appear facially relevant, Mr. Cotton bears the burden of demonstrating relevance. Mr. Cotton states that this information would show whether Costco

---

[11] *FDIC v. McCaffree*, 289 F.R.D. 331, 339 (D. Kan. Dec. 27, 2012).

took his complaints seriously. In other words, Mr. Cotton contends that information pertaining to other investigations would demonstrate that Costco's investigation of his claim of discrimination was cursory. But Mr. Cotton's discovery requests seek information broader than documents relating to Costco's handling of discrimination claims. He also seeks all documents from any charge, complaint, investigation, or civil action alleging discrimination concerning any employee at the Overland Park warehouse. The court fails to see how the bulk of this information is relevant for the purpose Mr. Cotton states, and the court is skeptical that documents pertaining to other investigations of discrimination would have any bearing on issues in this case. For these reasons, the court finds Mr. Cotton has not carried his burden to show relevance. Costco shall produce information limited to other claims of race discrimination, racial harassment, and retaliation. The motion to compel is otherwise denied as to Request Nos. 16 and 18.

### VII. Personnel Records of Other Employees

Request No. 17 seeks the complete personnel and/or employment files of Costco employees Tom Sadler, Linda Schwartz, Megan Pace, and Dean Eastham.[12] Costco has agreed to produce the complete personnel files of these employees subject to its objections. Among other objections, Costco contends the discovery request is overly broad because as drafted, it encompasses irrelevant information such as documents pertaining to pay and training. Plaintiff has not explained how information beyond the personnel files is relevant to any issue in this case, and this information does not appear facially relevant.[13] Because of this, the court sustains

---

[12] The request also sought the personnel file of Dean McPhearson, but Costco has stated it has not employed any individual by this name at its Overland Park location.

[13] *See generally Herrmann v. Rain Link, Inc.*, No. 11-1123-RDR, 2012 WL 1207232, at *2 (D. Kan. Apr. 11, 2012) (stating that recently, judges in this district had declined to compel production of entire personnel files "because these files likely contain information collateral to issues in the case—for example, employees' tax and benefits information").

7

Costco's objection. Costco need not produce documents beyond these individuals' personnel files, as it has agreed to do.

## VIII. Mr. Cotton's Disciplinary Record

Request No. 19 seeks, "Each document memorializing any disciplinary action, write-up or memorandum of concern authored or received by you concerning any of the allegations in the complaint." Among other objections, Costco contends this request is vague and ambiguous because Costco does not understand what is meant by "concerning any of the allegations in the complaint." Mr. Cotton does not offer any explanation other than to say these documents are discoverable because they would show race discrimination. The court sustains in part Costco's objection. However, Costco shall produce documents regarding any disciplinary action Costco took against Mr. Cotton, including any "write-ups" Mr. Cotton has received. Costco has not supported its other objections, and they are overruled. Costco need not produce any other documents responsive to this request beyond what the court has ordered.

## IX. Costco's Net Worth

Request No. 20 seeks documents establishing Costco's net worth in 2008, 2009, 2010, 2011, and 2012, respectively. Costco objects on the ground of relevance. Generally, "the *current* information of a party's net worth or financial condition [is] relevant to the issue of punitive damages."[14] Mr. Cotton seeks punitive damages, and because of this, Mr. Cotton contends Costco's net worth is relevant and discoverable. However, Mr. Cotton has not explained why he requires more than the current information regarding Costco's net worth, and this additional information does not appear facially relevant. Therefore, the court sustains in part Costco's relevance objection.

---

[14] *McCloud v. Bd. of Geary Cnty. Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *4 (D. Kan. Apr. 11, 2008) (emphasis supplied and internal parentheticals omitted).

8

The remainder of the parties' arguments focus on whether Mr. Cotton has sufficiently pled his claim for punitive damages. Both parties cite *McCloud v. Board of Geary County Commissioners*, an opinion from this district that stands for the proposition that current financial information of a defendant is discoverable so long as the claim for punitive damages is not spurious.[15] The parties' respective briefs on this point are not helpful. Both parties list the facts Mr. Cotton has pled in support of his punitive damages claim, and both parties then make conclusions about the sufficiency of the allegations with little explanation about how they reached these conclusions. Fed. R. Civ. P. 26(b) defines the scope of discovery as "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Both parties seem to agree that Costco's current net worth could be relevant to plaintiff's claim of punitive damages, and Costco has not moved to dismiss the claim for punitive damages—something which would almost certainly involve more thorough arguments than what the parties present here. Usually a motion to dismiss is a more appropriate vehicle to ask the court to address the sufficiency of a pleading than is a motion to compel.

Because Mr. Cotton's claim for punitive damages remains an issue in this case, and because Costco has not otherwise supported any other valid objection to discovery, the court will allow Mr. Cotton discovery relevant to his claim of punitive damages. His motion to compel is granted in part and denied in part as to this request. Costco shall provide Mr. Cotton with documents establishing its current net worth.

### X. Mr. Cotton's Relationships with Employees, Customers, and Vendors

---

[15] *Id.* at *3 (D. Kan. Apr. 11, 2008) (citing *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2161-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007); *Audiotext Commun. Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990)).

Request No. 23 seeks, "Each document (in its native format containing all metadata and attachments) drafted or utilized in investigating Mr. Cotton and/or his personal relationships with employees, member [sic] and/or vendors." Costco objects that the request is ambiguous. Costco lodges additional objections as well but fails to support them. Instead, Costco states it has no idea what Mr. Cotton is attempting to seek. However, in its initial response to the requests, Costco states that, "Subject to and without waving its objections, and to the extent Costco understands this request, investigation continues."[16] The court does not find the request particularly difficult to understand: Mr. Cotton is seeking information pertaining to any investigation Costco may have conducted regarding Mr. Cotton's relationship with other employees, Costco members, or Costco vendors. Costco's objections are overruled, and Mr. Cotton's motion to compel is granted with respect to this request.

### XI. Text Messages and E-mails from Costco Employees

Request No. 25 seeks text messages sent or received by Costco employees Tom Sadler and/or Linda Schwartz that mention Mr. Cotton and/or his allegations of discrimination, harassment, and/or retaliation. From what the court understands from the parties' briefs, Mr. Cotton is seeking text messages sent from these individuals' personal cell phones.[17] Parties have a right to request documents and ESI within the opposing party's possession, custody, or control.[18] "[D]ocuments are deemed to be within the possession, custody, or control if the party has actual possession, custody, or control or has the legal right to obtain the documents on

---

[16] Def.'s Resp. to Pl.'s First Set of Requests to Produc. at 12, ECF No. 23-1.

[17] Costco argues this request would require it to search employees' private cell phones. *See* Def.'s Resp. in Opp'n to Mot. to Compel at 14, ECF No. 27. In his reply brief, Mr. Cotton does not contest this assertion.

[18] Fed. R. Civ. P. 34(a)(1).

10

demand."[19] Mr. Cotton does not contend that Costco issued the cell phones to these employees, that the employees used the cell phones for any work-related purpose, or that Costco otherwise has any legal right to obtain employee text messages on demand. Accordingly, it appears to the court that Costco does not likely have within its possession, custody, or control text messages sent or received by these individuals on their personal cell phones. Mr. Cotton's motion to compel is denied with respect to this request.

Request No. 26, however, seeks e-mails sent or received by Mr. Sandler and/or Ms. Schwartz that mention Mr. Cotton and/or his allegations of discrimination, retaliation, and/or harassment. Among other objections, Costco argues this request is overly broad because it would require the production of any e-mail that so much as mentions Mr. Cotton regardless of whether the e-mail has anything to do with the issues in this suit. The court agrees and sustains Costco's overbreadth objection. Subject to its objections, Costco states it has already produced responsive documents and will continue to supplement its production. The court finds this is sufficient.

**XII. Interrogatories**

In his reply brief, Mr. Cotton states that Interrogatory Nos. 3-5 are no longer in dispute. The parties apparently reached an agreement about Interrogatory No. 11, which asks Costco to identify training on harassment, discrimination, and/or retaliation given to employees at the Overland Park warehouse. Costco answered the interrogatory subject to its objections and agreed to produce documents relating to discrimination, harassment, and retaliation provided to Costco managers and supervisors. In his reply brief, Mr. Cotton does not contest this assertion. He just states Costco has not provided the supplemental documents. To the extent it has not already done so, Costco shall provide the training documents to Mr. Cotton.

---

[19] *Noaimi v. Zaid*, 283 F.R.D. 639, 641 (D. Kan. 2012) (emphasis omitted) (quoting *Ice Corp. v. Hamilton Sundstrand, Corp.*, 245 F.R.D. 513, 516-17 (D. Kan. Aug. 22, 2007)).

Interrogatory Nos. 12 and 13 seek information pertaining to Costco's efforts to locate and produce responsive ESI in this action. Costco has agreed to supplement its response to these interrogatories once it completes its ESI production. Costco does not rely on any objections in response to the motion to compel. Therefore, the court orders Costco to respond to this interrogatory, without objection. Costco may supplement its answer as necessary.

Interrogatory No. 14 asks Costco to identify persons who may have knowledge of the allegations in the Complaint and Answer. It further asks Costco to state its understanding of their knowledge. Costco does not rely on any objections to this interrogatory. It states that it answered the interrogatory by referring Mr. Cotton to Costco's initial disclosures. But Fed. R. Civ. P. 26(a)(1) requires only that initial disclosures provide information that the disclosing party may use to support its claims or defenses. The plain language of Mr. Cotton's request is broader than this. Because Costco's response to Interrogatory No. 14 is insufficient, the court grants Mr. Cotton's motion to compel as to this interrogatory and orders Costco to amend and supplement its answer.

Interrogatory No. 16 asks Costco to identify "each current or former employee at the Warehouse who has filed a complaint or made an allegation of discrimination, harassment, and/or retaliation to any manager, supervisor or human resource employee at any time from January 1, 2009[,] to present." In his motion to compel, Mr. Cotton suggests this information is relevant to his claim of a racially hostile work environment.[20] The court agrees. Information about other employees who made claims of racial discrimination or racial harassment could support Mr. Cotton's allegation that he was subjected to a racially hostile work environment.

---

[20] Mr. Cotton makes additional arguments about relevance in his reply brief. Arguments raised for the first time in a reply brief are generally deemed waived. *See Minshall v. McGraw Hill Broad. Co.*, 323 F.3d 1273, 1288 (10th Cir. 2003).

In short, the court finds this information is facially relevant to Mr. Cotton's hostile work environment claim. Because the interrogatory seeks the identities of all workers who have lodged complaints of discrimination, harassment, or retaliation, the court will limit the interrogatory to complaints based on race.[21] Costco also suggests this is the proper scope of the interrogatory, yet Costco apparently failed to provide any responsive information. Generally, if only part of an interrogatory is objectionable, the responding party must provide an answer as to the portion of the interrogatory that is not objectionable.[22] Costco's relevance objection is sustained in part and overruled in part. Costco shall answer the interrogatory as modified by the court.

Interrogatory No. 20 seeks the identity of "every minority who worked at Defendant's Warehouse from January 1, 2008[,] to present," including those individuals' contact information. Plaintiff suggests this information may be relevant to his claim of a racially hostile work environment. He states these individuals are potential fact witnesses. Costco objects on several grounds, including overbreadth and relevance. Subject to these objections, Costco has agreed to provide responsive information identifying minority employees at the Overland Park warehouse. The court is unclear why Costco continues to rely on its objections in response to the motion to compel if it has already agreed to answer the interrogatory. To the extent Costco is limiting the interrogatory to identification of these individuals without providing contact information, or identifying whether each person is a current or former employee or worked as a supervisor, that is not permissible because Costco has not supported any objection for withholding this information. The only objections Costco attempts to support are objections to providing the

---

[21] *See, e.g., McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 689 (D. Kan. 2000) (limiting a request for production to claims of race discrimination because race was plaintiff's only asserted basis for discrimination).

[22] *Moss v. Blue Cross and Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 690 (D. Kan. Apr. 3, 2007).

13

information it has already agreed to provide. Mr. Cotton's motion to compel is granted with respect to this interrogatory. Costco shall answer in full.

Interrogatory No. 21 seeks the identity of every complaint, notice, or administrative action or investigation filed against Costco by an employee, member, manager, or supervisor concerning discrimination, harassment, and/or retaliation during a period of January 1, 2008, to the present. The interrogatory is overly broad on its face because it seeks a large portion of information—information pertaining to events that happened in other locations—not relevant to this case. Mr. Cotton does not adequately explain why nationwide discovery of these issues is relevant to this case, and he does not make any attempt to refine the interrogatory in his reply brief. Costco's attempts to support its objections are also problematic. For one, Costco cites a line of cases limiting discovery to the location where the plaintiff worked. Yet, it appears Costco has not provided this information to Mr. Cotton. The court finds Mr. Cotton's motion to compel should be granted in part and denied in part as to this interrogatory. The interrogatory is limited to the Overland Park warehouse and is limited to other claims of discrimination based on race, racial harassment, or retaliation.

**XIII. Conclusion**

Mr. Cotton's motion to compel is granted in part and denied in part for the reasons stated above. Each of the parties shall bear their own attorney fees and costs incurred in briefing this motion. In the future, the parties should make better efforts to confer. For one, Costco has agreed to produce a large portion of documents at issue in the motion to compel. Costco should also provide answers to interrogatories to the extent they are not objectionable, and Mr. Cotton should be prepared to more fully articulate how the discovery he seeks bears on claims or defenses in this case. Following these steps would not only save the parties the effort of briefing a motion to

compel that is in large part moot or capable of being resolved without a court order, but it also would aid the court in resolving discovery disputes more expeditiously by bringing to the court's attention only the disputes for which there is a genuine disagreement.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff Wayne A. Cotton's Motion to Compel Defendant to Search for and Produce Electronically Stored Information and Other Documents and Answer Interrogatories (ECF No. 22) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that within twenty-one (21) days from the date of this order, Costco shall respond, without objection, to Request No. 19 (as modified by the court), 20 (as modified by the court), and 23; and Interrogatory Nos. 12-14, 16 (as modified by the court), 20, and 21 (as modified by the court).

**IT IS FURTHER ORDERED** that within twenty-one (21) days from the date of this order, to the extent it has not already done so, Costco shall supplement its responses to Request Nos. 3-4, 5-7, 10-12, 14, 16-18, 21, 22, 26 as it has agreed to do, and Costco shall also produce the training materials it has agreed to produce related to Interrogatory No. 11.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2013, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
