# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| WAYNE A. COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2731-JWL |
| | ) | |
| COSTCO WHOLESALE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant's Motion for a Protective Order (ECF No. 24). Costco seeks a protective order limiting the scope of Plaintiff Wayne A. Cotton's amended Rule 30(b)(6) deposition notice. For the reasons stated below, the motion is granted in part and denied in part.

This is an employment discrimination action in which Mr. Cotton has brought claims against his employer, Costco Wholesale Corp. Mr. Cotton alleges he was subjected to illegal discrimination on the basis of race, a racially hostile work environment, and was disciplined and removed from his position as loss control associate based on his race and in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission. He asserts claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 24 U.S.C. § 2000e, *et seq.*; and the Kansas Act Against Discrimination, K.S.A. § 44-1001, *et seq*. The present dispute involves Mr. Cotton's amended Rule 30(b)(6) deposition notice. Costco contends many of the subjects included in the notice are objectionable because they seek testimony on irrelevant information, are overly broad, or are duplicative of other discovery requests.

Fed. R. Civ. P. 26(c) governs protective orders. The rule states, "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense[.]"[1] The district court has broad discretion to fashion the scope of a protective order.[2] Despite this substantial latitude, "a protective order is only warranted when the movant demonstrates that protection is necessary under a specific category set out in Rule 26(c)."[3] The party seeking a protective order bears the burden of establishing good cause for it.[4] To do this, the movant must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[5]

In the context of a protective order seeking to limit or prohibit the deposition of an organization or business entity, the court must be mindful of Rule 30(b)(6)'s requirements. A deposition notice or a subpoena for a Rule 30(b)(6) deposition "must describe with reasonable particularity the matters for examination."[6] This means that the party requesting the deposition "must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."[7] This is because the business entity has a duty to produce a deponent competent to testify about the subjects.[8] An overly broad Rule 30(b)(6) deposition notice "subjects the noticed party to an impossible task."[9]

---

[1] Fed. R. Civ. P. 26(c)(1).

[2] *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010).

[3] *Herrera v. Easygates, LLC*, No. 11-2558-EFM-GLR, 2012 WL 5289663, at *2 (D. Kan. Oct. 23, 2012) (citing *Aikins v. Delux Fin. Svs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003)).

[4] *Layne Christensen Co.*, 271 F.R.D. at 244.

[5] *Aikins*, 217 F.R.D. at 534 (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, n.16 (1981).

[6] Fed. R. Civ. P. 30(b)(6).

[7] *Sprint Commcn's Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. Apr. 10, 2006).

[8] *See* Fed. R. Civ. P. 30(b)(6) ("The persons designated must testify about information known or reasonably available to the organization.").

[9] *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000).

## I. Subject Nos. 1, 2, and 5

The first topic listed on the amended notice asks Costco to produce a representative knowledgeable about, "The structure of Defendant's human resources department including the names, educational background and prior employment of all people who are in Defendant's corporate human resources department that had any communication with plaintiff or the warehouse located at 12221 Blue Valley Parkway, Overland Park, Kansas ('Warehouse') about claims of discrimination, retaliation or harassment from January 1, 2009[,] to present."[10] The second topic asks Costco to produce a representative knowledgeable about, "The structure of Defendant's human resources department including the names, educational background and prior employment of all people who are in Defendant's human resources department at the Warehouse from January 1, 2009[,] to present."[11] Subject No. 5 seeks similar information: "From January 1, 2009[,] to present, discuss the structure of Defendant's corporate management team and the management team at Defendant's warehouse including, the names, race, educational background and prior employment of all people who are on the corporate management team that have responsibility for the Warehouse and the management team at Defendant's Warehouse."[12]

Costco contends these subjects are objectionable because Mr. Cotton uses the vague terms "structure" and "including." Costco fails to explain why it believes the term "structure" is vague or ambiguous. As for the term "including," Costco argues that this term suggests that the enumerated subjects are not exclusive. In support of this argument, Costco cites a 2000 opinion from this district, *Reed v. Bennett*, in which the court found a Rule 30(b)(6) deposition notice

---

[10] Pl.'s Am. Notice Duces Tecum to take the Dep. of a Designated Agent of Def. at 5, ECF No. 25-1.

[11] *Id.*

[12] *Id.* at 6.

was over broad when it stated that the areas of inquiry would include certain topics but would not be limited to these topics.[13] That is not the case here. Mr. Cotton's use of the word "including" provides examples of subtopics. The notice does not state the deposition is not limited to the topics listed. The court rejects this argument.

Costco also contends these subjects are improper because they seek information about individuals with whom Mr. Cotton has had no contact—including information about these individuals' educational backgrounds and prior employment. Costco contends this information is not relevant because Mr. Cotton has had no contact with many of these individuals. Costco also argues that Subject No. 1 is not appropriate because it could seek information about other forms of discrimination. The plain language of Request No. 1 does not seek any information about discrimination. It seeks information about the structure of the HR department—including the identities of those who had contact with Mr. Cotton or other warehouse employees about claims of discrimination, retaliation, or harassment.

The court rejects the remainder of Costco's arguments about relevance. "If a proposed Rule 30(b)(6) topic is irrelevant, it may constitute an undue burden sufficient for a protective order."[14] But the court broadly construes relevance at the discovery stage, and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[15] Costco makes conclusory statements about relevance without providing a more detailed explanation as to why these topics should be

---

[13] *Reed*, 193 F.R.D. at 692.

[14] *CitiMortgage, Inc. v. Sanders*, No. 11-2540-EFM-GLR, 2012 WL 6024641, at *3 (D. Kan. Dec. 4, 2012).

[15] *Design Basics, LLC v. Strawn*, 271 F.R.D. 513, 527 (D. Kan. 2010) (citing *Cardenas v. Dorel Juvenile Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) and *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004)).

excluded or limited. These arguments are not sufficiently specific to warrant a protective order limiting or prohibiting inquiry into these topics.

Costco also suggests that the court should prohibit this deposition topic on the grounds that it can be more easily obtained through other sources—namely, the identities of certain individuals working at Costco. While it is true that the court retains the inherent authority to control discovery and order that it be conducted in a certain manner, Costco has not shown that providing testimony on this topic would result in annoyance, embarrassment, oppression, or undue burden or expense. For these reasons, the court denies Costco's motion for a protective order limiting or prohibiting testimony regarding these subjects.

**II.    Subjects Nos. 3, 4, 6, 8, and Related Document Request Nos. 4, 6, and 7**

These topics and document requests deal with Costco's computer applications, systems, and networks as well as Costco's efforts to retain, identify, and produce electronically stored information (ESI) in this case. Costco argues these topics should be limited or prohibited because they are overly broad, seek information that is not relevant, are unduly burdensome, and fail to describe the area of inquiry with reasonable particularity.

Costco argues these topics are inappropriate because Mr. Cotton has not established there has been any actual or suspected spoliation of evidence in this case, and therefore, deposition testimony concerning Costco's production of ESI is not appropriate at this time. Costco correctly notes that in some instances, courts will grant protective orders to shield companies from annoyance, embarrassment, oppression, undue burden or expense that would result from discovery regarding the companies' efforts to locate and produce ESI. In support of this position, Costco cites *Orillaneda v. French Culinary Institute*, an unreported 2011 opinion from the Southern District of New York. In *Orillaneda*, the magistrate judge granted a protective order

5

prohibiting certain requests for production of documents that were relevant to the manner in which the defendant had searched for and maintained its ESI.[16] The magistrate judge reasoned that the plaintiff's requests did not seek relevant information because the plaintiff had failed to make a sufficient showing that the defendant's document production was deficient. Document production requests on the issue of how a defendant went about producing other discovery documents would conceivably be more burdensome than providing testimony on the subject or answering an interrogatory seeking similar information. Respectfully, it is somewhat difficult for a litigant to evaluate an opposing party's efforts to search for and produce ESI without some information regarding the steps taken to accomplish this task. That is not to say that the court is willing to allow broad inquiry into this subject or that the court would be disinclined to grant a protective order limiting or prohibiting this type of discovery based on a sufficient showing that one was warranted. In this case, however, Costco provides no estimate of how much time or cost it would take to produce a deponent qualified to testify about these subjects. Costco simply has not shown that providing this testimony would result in annoyance, embarrassment, oppression, or undue burden or expense justifying the entry of a protective order.

Costco also argues that Subject Nos. 3, 4, and 6 are overbroad because they fail to describe the subjects with reasonable particularity as required by Rule 30(b)(6). Specifically, Costco points out that Subject No. 4 seeks testimony that includes "the existence, retention and location of related records created by or sent to Defendant's human resources personnel."[17] Subject No. 6 seeks similar information regarding documents created by or sent to the management team at the warehouse where Mr. Cotton works. Costco says this would include

---

[16] *Orillaneda v. French Culinary Inst.*, No. 07 Civ. 3206(RJH)(HBP), 2011 WL 4375365, at *5-*9 (S.D.N.Y. Sept. 19, 2011).

[17] Pl.'s Am. Notice Duces Tecum to take the Dep. of a Designated Agent of Def. at 6, ECF No. 25-1.

testimony regarding "potentially thousands of documents" that have nothing to do with this case. The court does not interpret the subjects as asking for testimony about the contents of potentially thousands of documents. Rather, Mr. Cotton seeks information relating to storage and maintenance of these documents. The court does not find that Costco has shown these subjects are overly broad on this basis. Costco also argues without additional explanation that the term "knowledge" is "extraordinarily general" and the term "including" suggests the enumerated subjects are not exhaustive. Again, Costco's conclusory assertions are insufficient to justify the entry of a protective order.

As to Subject No. 8, which seeks information regarding the retention and search of ESI, Costco argues this is improper because it potentially invades upon the attorney-client and/or work-product privileges. Courts have generally declined to uphold privilege or work-product objections to Rule 30(b)(6) deposition notices unless the deposition topics, on their face, call for testimony that would be protected from disclosure.[18] That is not the case here, and it would be speculative to prohibit inquiry into this subject matter on the basis that Mr. Cotton's counsel could potentially ask a question regarding privileged information. The more appropriate vehicle for raising privilege and work-production objections in the context of a deposition is for counsel to lodge objections to specific questions.[19] Counsel may then explore background facts concerning the objection, and the deponent can have an opportunity to substantiate the objection.[20]

---

[18] *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 587 (D. Kan. 2008)

[19] *SEC v. Kovzan*, No. 11-2017-JWL, 2013 WL 653611, at *3 (D. Kan. Feb. 21, 2013).

[20] *Miller v. Union Pacific R.R. Co.*, No. 06-2399-JAR-DJW, 2008 WL 4724471, at *6 (D. Kan. Oct. 24, 2008) (explaining that the more appropriate procedure is to raise privilege and work-product objections during the deposition).

Costco also argues Subject No. 8 is improper because it is unreasonably cumulative and duplicative of interrogatories plaintiff has already served. The court acknowledges that in some instances, judges in this district have entered protective orders when discovery could be obtained through more efficient discovery methods.[21] In fact, Rule 26(b)(2)(C) provides the court with the authority to limit discovery that is unreasonably cumulative or duplicative. But the fact that deposition topics overlap with written discovery does not automatically render any duplication unreasonable or mean that preparing a deponent to testify would constitute an undue burden. Moreover, the overlap of a deposition topic with written discovery does not necessarily mean that the entire topic would even be duplicative. Generally, parties are free to "choose the manner and method in which they conduct discovery."[22] For example, a deposition allows for a more detailed exploration of topics. Counsel may ask follow-up questions or seek clarification of a deponent's answers, if necessary. While it may be necessary in some instances to limit or prohibit a deposition topic that had also been the subject of written discovery, in this case, Costco has not set forth a sufficiently specific recitation of facts showing that allowing inquiry into this subject matter would pose an undue burden or that this discovery is unreasonably cumulative or duplicative.

### III.  Subject Nos. 7 and 13

Subject No. 7 requests testimony regarding the identity of the managers at Costco's warehouse who supervised Mr. Cotton. Subject No. 13 seeks similar information about Mr. Cotton's positions, supervisors, pay rate, performance reviews, and discipline. Costco argues these subjects are unreasonably cumulative and duplicative of information sought by Mr.

---

[21] *See, e.g., In re Indep. Svs. Orgs. Antitrust Litig.*, 168 F.R.D. 651, 654-55 (D. Kan. 1996) (granting a protective order where testimony on an issue was discoverable by other means).

[22] *White v. Union Pac. R.R. Co.*, No. 09-1407-EFM-KGG, 2011 WL 721550, at *2 (D. Kan. Feb. 22, 2011).

Cotton's interrogatories. For the same reasons previously outlined, the court rejects the notion that a deposition topic is improper just because it overlaps with written discovery. Costco has not made a sufficiently specific demonstration of fact showing that allowing questions on this subject would pose an undue burden or that the topic is unreasonably cumulative or duplicative of other discovery. The court denies the motion for a protective order limiting or prohibiting these topics.

## IV. Subject No. 20

Costco contends this subject is vague and ambiguous because it requires Costco to identify and state Costco's "Code of Business Conduct" in place during Mr. Cotton's employment. Costco says it has no such named policy. In response, Mr. Cotton argues that Costco is being disingenuous because he contends most large corporations do have a code of conduct that dictates standards in the workplace. While this might be true, Mr. Cotton has phrased this topic in such a way that indicates he is looking for testimony regarding a particular code or policy. For example, he treats the phrase, "Code of Business Conduct," as a proper noun, indicating he is looking for testimony regarding *this* specific code of conduct. So, while the plain wording of the subject is not itself vague or ambiguous, Costco cannot produce a representative to testify about a "Code of Business Conduct" that does not exist. Costco's motion for a protective order is granted as to this subject.

## V. Subject Nos. 9, 23, 26, and 35

These subjects ask for testimony regarding the personnel files of certain Costco employees, which Costco previously produced. Costco argues that a protective order is warranted because Mr. Cotton has already obtained the information he seeks. For the same reasons previously outlined, the court rejects the notion that a deposition topic is improper just

because it overlaps with written discovery. Costco has not made a sufficiently specific demonstration of fact showing that allowing questions on these subjects would pose an undue burden or that the topic is unreasonably cumulative or duplicative of other discovery. The court denies the motion for a protective order limiting or prohibiting questions these topics.

## VI.  Subject Nos. 16 and 39

Costco contends these topics are overly broad and fail to meet the requirement of particularity under Rule 30(b)(6). Subject No. 16 asks Costco to produce a deponent able to "[i]dentify all communication between Mr. Cotton and any member of Defendant's management team and/or human resources department regarding any complaint of Mr. Cotton with respect to the terms or conditions of [his] employment with Defendant; the dates those discussions took place; the persons involved in those discussions; the content of those discussions; and identify any documents generated as a result of those discussions."[23] Costco contends the phrase, "any complaint of Mr. Cotton with respect to the terms or conditions of [his] employment" is "exceedingly broad" because it would include any complaint Mr. Cotton made about his employment, however trivial. The fact that this subject might encompass "trivial" complaints does not demonstrate that it is overly broad or fails to meet the particularly requirement of Rule 30(b)(6). Costco has not made a sufficient showing to justify the entry of a protective order limiting or prohibiting inquiry into Subject No. 16.

Subject No. 39, however, fails to describe with reasonable particularity the matter for examination. Subject No. 39 asks that Costco produce a deponent prepared to "[i]dentify and describe the content of any exit interviews of Defendant's employees since January 1, 2009[,] that included any of the allegations raised in the present litigation, including any allegations

---

[23] Pl.'s Am. Notice Duces Tecum to take the Dep. of a Designated Agent of Def. at 8, ECF No. 25-1.

10

concerning harassment, retaliation, discriminatory and/or hostile environment at Defendant's Warehouse."[24] What is unclear is whether Mr. Cotton is seeking testimony regarding his own claims of discrimination ("the allegations raised in the present litigation") or whether he is seeking testimony about *any* claims of discrimination ("including any allegations concerning harassment, retaliation, discriminatory and/or hostile environment"). Because Mr. Cotton fails to describe with reasonable particularity the subject matter, the court grants Costco's motion for a protective order as to Subject No. 39.

### VII. Subject No. 22

This subject seeks testimony regarding the all management training provided to Warehouse managers from 2010 to the present. Costco argues this topic is overly broad and seeks irrelevant information because it seeks testimony regarding all training. Costco asks the court to limit this topic to training related to diversity, discrimination, and harassment. The court agrees. Testimony regarding all training provided to managerial employees does not appear relevant to this case, and Mr. Cotton has not explained why he requires this scope of information. Accordingly, Costco's motion for a protective order is granted in that the court will limit inquiries on this topic to training related to diversity, discrimination, and harassment.

### VIII. Subject Nos. 25, 28, 34, 37, and 40-43

These subjects seek testimony about other discrimination, harassment, or retaliation complaints involving certain Costco employees and other complaints more generally. Costco states that it is well established that discovery should be limited to the same type of discrimination allegedly suffered by the plaintiff in an employment discrimination suit. In response, Mr. Cotton states he is primarily concerned with other complaints of race

---

[24] *Id.* at 11.

discrimination, harassment, and retaliation, but he says that information about other types of complaints is relevant to the issue of whether the Warehouse managers disregarded Mr. Cotton's complaints and treated the complaints of other employees more seriously. As the court understands it, Mr. Cotton contends that discovery showing Costco took other employee complaints of discrimination seriously would somehow support Mr. Cotton's theory that he was the victim of discrimination because Costco did not take his complaint seriously. This seems a stretch. Because testimony regarding all claims does not appear relevant and would therefore be unduly burdensome, the court grants in part Costco's motion for a protective order limiting these topics. Costco asks that the court limit the inquiries to complaints of racial discrimination. However, Mr. Cotton has also alleged racial harassment and retaliation. He may inquire about these topics as well.

## IX. Subject Nos. 44 and 45

Subject No. 44 seeks testimony regarding the identity of all individuals who worked at the Warehouse during the period when the events alleged took place and asks for testimony regarding the dates these individuals worked, titles, last known addresses, phone numbers, and e-mail addresses. Subject No. 45 asks for testimony regarding the identities of employees who were provided cell phones or reimbursed for cell phone usage. Costco contends these subjects are overly broad and seek irrelevant information. The court agrees. Mr. Cotton says this information is relevant because these individuals are potential witnesses, but absent further explanation from Mr. Cotton, it seems equally likely that many of these individuals would not have any information about the claims in this case. As for information pertaining to cell phones, Mr. Cotton says this information is necessary to determine whether Costco has searched all sources for ESI. Again, the court agrees with Costco that this request is too broad. The court is

unaware whether Mr. Cotton has even served discovery requests that would require Costco to search all Overland Park warehouse employees' phones, but if he had, the court would be disinclined to allow a discovery request of this magnitude absent a much more specific explanation from Mr. Cotton as to relevance.[25] In the same vein, the court fails to see the relevance in allowing Mr. Cotton to pose questions relating to Costco's efforts to search for ESI on employees' personal cell phones when the underlying request for production, if any, would have been objectionable. Costco's motion for a protective order is granted as to these subjects.

## X.    Documents Sought by the Subpoena

Mr. Cotton has also asked Costco to produce several categories of documents in conjunction with the subpoena. Costco contends these document requests seek the same information, and in some cases are identical, to what Mr. Cotton has sought through his requests for production. Upon review of the document requests, the court agrees. Mr. Cotton does not address this issue in his response brief. Because he sets forth no explanation as to why he seeks a document production that is largely duplicative of prior document productions, the court grants Costco's motion for a protective order as to Request Nos. 3, 5, 8, 9, 10, and 11 in the amended notice.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for a Protective Order (ECF No. 24) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that during the deposition of Costco's Rule 30(b)(6) representative(s), Mr. Cotton may not inquire as to Subject Nos. 20, 39, 44, and 45. Mr. Cotton

---

[25] Mr. Cotton did serve a request for production seeking text messages sent or received by Costco employees Tom Sadler and/or Linda Schwartz that mentioned Mr. Cotton and/or his allegations of discrimination, harassment, and/or retaliation. The court denied a motion to compel a response to that request, finding that Costo did not have a legal right to obtain on demand text messages sent from employees' personal cell phones.

may not inquire as to Subject Nos. 29-31, as he states he has withdrawn those categories.[26] Costco need not respond to Request Nos. 3, 5, 8, 9, 10, and 11 in the amended notice.

**IT IS FURTHER ORDERED** that during the deposition of Costco's Rule 30(b)(6) representative(s) Mr. Cotton may only make a limited inquiry, as directed in this order, as to Subject Nos. 22, 25, 28, 34, 37, and 40-43.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2013, at Topeka, Kansas.

                                                    s/ K. Gary Sebelius
                                                    K. Gary Sebelius
                                                    U.S. Magistrate Judge

---

[26] Pl.'s Mem. in Opp'n to Def.'s Mot. for Protective Order at 7, ECF No. 26.